UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JACKIE DEAN SCOTT, JR.
*as next friend of*
FABIANA GABRIELA MUJICA
GIMENEZ,

Petitioner,

v.

No. 1:25-CV-00229-H

WARDEN, BLUEBONNET
DETENTION CENTER, *et al.*,

Respondents.

## NOTICE OF DEFICIENCY AND ORDER

Jackie Dean Scott, Jr., a third-party, non-lawyer individual, filed a petition for writ of habeas corpus on behalf of an immigrant detainee confined in the Bluebonnet Detention Center. Dkt. No. 1. The petition challenges the detention of Fabiana Gabriela Mujica Gimenez pending a stay in her removal proceedings, and Mr. Scott purports to represent Ms. Gimenez's interests as "next friend." *Id.* However, Mr. Scott did not use the required form, and Ms. Gimenez did not sign the petition. Nor is there any indication that Ms. Gimenez consented to, or even knows about, the filing of the petition. Mr. Scott paid the $5.00 filing fee. As explained below, this case cannot proceed as filed.

1. **Legal Authority**

Non-attorney individuals may not use the next-friend device as a pretense for the unauthorized practice of law. *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). And detainees are not entitled to legal representation by a lay person. *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989). The Court notes that in narrow circumstances, "jailhouse lawyers" are permitted to help fellow prisoners file habeas petitions. *Johnson v. Avery*, 393 U.S. 483, 484 (1969); *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). But jailhouse lawyers are *not* actually lawyers, and they are not afforded special privileges like attorney-client privilege.

*Bonacci*, 868 F.2d at 1443. Moreover, the rights of access-to-courts and assistance from a jailhouse lawyer belong solely to the person in need of legal services, not to the jailhouse lawyer. *See Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Finally, a jailhouse lawyer cannot bring a claim on behalf of another inmate who is capable of bringing such a claim in his or her own name. *See Johnson*, 393 U.S. at 490.

2. Analysis

Here, Mr. Scott is not a lawyer—or even a jailhouse lawyer—and he has no authority to file legal claims on behalf of other individuals. Additionally, the requirements of Federal Rule of Civil Procedure 11, related to signing pleadings and making representations to the Court, apply here. And public access is limited in proceedings like this one that relate to immigration detention. Fed. R. Civ. P. 5.2(c). Ms. Gimenez did not sign the petition, nor is there any suggestion that she is even aware of it. Simply put, Mr. Scott has no authority to file a habeas petition on behalf of Ms. Gimenez, nor does he have a right to remotely access information about this proceeding.[1] But Ms. Gimenez has the right to pursue habeas relief on her own behalf or with the assistance of a licensed attorney.

Additionally, a federal petition for writ of habeas corpus must be filed on the Court's form as required under Miscellaneous Order No. 13 (N.D. Tex.). The form petition instructs petitioner to "[s]ummarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them," (Pet. at 6) without citing cases or law. The one-page typewritten petition filed on October 30, 2025 does not conform with the form requirements. Thus, the Court finds that Ms. Gimenez, if she chooses to proceed

---

[1] Mr. Scott did not register for electronic filing, but electronic access for non-lawyer individuals is prohibited in this type of case. Moreover, the Court notes that Mr. Scott lives is Rockwall, Texas, nearly 200 miles away from the courthouse in Abilene. So even if Mr. Scott could legally represent the petitioner—which he cannot—from a practical perspective it would be difficult for him to prosecute this case.

with this case, must file an amended petition using the required form to be furnished by the Clerk.

3. **Conclusion and Instructions**

The Clerk is directed to change the caption of this case to reflect that the proper petitioner is Fabiana Gabriela Mujica Gimenez, who is proceeding pro se.[2] Mr. Scott will be removed from the case. However, the case cannot proceed without any suggestion of interest from Ms. Gimenez.

As a result, if Ms. Gimenez wishes to pursue her habeas claims, she must file an amended petition using the required form within 30 days. Her amended petition must be signed. The Court cautions Ms. Gimenez that an amended petition will supersede and replace the original petition, so she must include all applicable grounds for relief in her amended petition. **If Ms. Gimenez fails to timely file an amended petition, the Court will dismiss this action for want of prosecution without further notice.**

The Clerk is directed to mail a copy of this order to Mr. Scott. But Mr. Scott will not receive any further notice of the proceedings here. The Clerk is also directed to mail Ms. Gimenez a copy of the original petition filed here, Dkt. No. 1, and a blank Section 2241 form marked, "amended" and stamped with this cause number.

Dated October 31, 2025.

                                              JAMES WESLEY HENDRIX
                                              United States District Judge

---

[2] The petition lists Ms. Gimenez's contact information on the first page.